Kenneth G. Anderson (kanderson@hbblaw.com) (Bar No. 115354)
Margaret J. Grover (mgrover@hbblaw.com) (Bar No. 112701)
Christina VonderHaar (cvonderhaar@hbblaw.com) (Bar No. 245502)
HAIGHT BROWN & BONESTEEL LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574
Telephone: 310.215.7100
Facsimile: 310.215.7300

FILED
08 MAR -6 PM 2:18
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Attorneys for Defendant WILSON UTILITY CONSTRUCTION CO.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNO J. ROBINSON,<br>Plaintiff,<br>vs.<br>WILSON UTILITY CONSTRUCTION CO., an Oregon corporation, and DOES 1 through 100, inclusive,<br>Defendants. | Case No. '08 CV 425 W NLS<br>DECLARATION OF KENNETH G. ANDERSON IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332(a) AND 1441(b)<br>[DIVERSITY JURISDICTION]<br>SDSC Case No. 37-2008-00076755-CU-CR-CTL<br>Complaint Filed: January 29, 2008 |

I, Kenneth G. Anderson, declare as follows:

1. I am a member of the law firm of Haight, Brown & Bonesteel, L.L.P., counsel of record for Wilson Utility Construction Co. in the above-captioned action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. Based upon my review of the underlying file and day-to-day handling of this case, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Attached hereto as Exhibit "A" is a copy of Plaintiff Deanno Robinson's unverified Complaint for Damages and Demand for Jury Trial Based Upon: 1. Harassment

(Government Code Section 12940(j)(1)); 2. Discrimination and Harassment (Government Code Section 12940(k)); 3. Wrongful Discharge (Government Code Section 12940(a)); and 4. Wrongful Discharge in Violation of Public Policy, filed on or about January 29, 2008 in the San Diego Superior Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of March, 2008, at Los Angeles, California.

Kenneth G. Anderson

EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

# Service of Process Transmittal

02/11/2008
CT Log Number 513074665

**TO:** Jennifer Deam
Wilson Construction Co.
1190 NW 3RD
CANBY, OR 97013-

**RE:** **Process Served in California**

**FOR:** Wilson Utility Construction Co. (Domestic State: OR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Deanno J. Robinson, etc., Pltf. vs. Wilson Utility Construction Company, etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice(s), Stipulation Form, Exhibit(s), Certificate of Assignment |
| **COURT/AGENCY:** | San Diego County- San Diego, Superior Court, CA<br>Case # 37200800076755CUCRCTL |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - Discrimination - on the basis of Race, Secual Orientation and/or perceived Sexual Orientation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/08/2008 at 11:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Michael A. DesJardins<br>DesJardins & Panitz, LLP<br>18000 Studebaker Road<br>Suite 700<br>Cerritos, CA 90703<br>562-924-7800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798871829015<br>Email Notification, Jennifer Deam JDEAM@WILSONCONST.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

02/08/08 @ 11:15

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Clerk of the Superior Court
JAN 2 9 2008
By: ______________ Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
WILSON UTILITY CONSTRUCTION COMPANY, an Oregon corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
DEANNO J. ROBINSON, an individual,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior County Court
330 W. Broadway
P.O. Box 122724
San Diego, California 92101
Hall of Justice/Central Division

CASE NUMBER:
*(Número del Caso):*
37-2008-00076755-CU-CR-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. DesJardins (SBN 145970) 562-924-7800 562-924-7801
DesJardins & Panitz, LLP
18000 Studebaker Road, Suite 700
Cerritos, California 90703

DATE: *(Fecha)* JAN 2 9 2008 Clerk, by *(Secretario)* JOHN HOFF, Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: WILSON UTILITY CONSTRUCTION COMPANY, AN OREGON CORPORATION

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*: 02/08/08

Page 1 of 1

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael A. DesJardins (SBN 145970)
DesJardins & Panitz, LLP
18000 Studebaker Road, Suite 700

Cerritos, California 90703
TELEPHONE NO.: 562-467-6900 FAX NO.: 562-924-7801
ATTORNEY FOR (Name): Deanno J. Robinson

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central District

CASE NAME: ROBINSON V. WILSON UTILITY CONSTRUCTION COMPANY

**CIVIL CASE COVER SHEET**
[X] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2008-00076755-CU-CR-CTL
JUDGE:
DEPT:

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (*check all that apply*):
   a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (*specify*): Four
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: January 17, 2008
Michael A. DesJardins (SBN 145970)
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

CASE NUMBER: 37-2008-00076755-CU-CR-CTL CASE TITLE: Robinson vs. Wilson Utility Construction Company

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Deanna J Robinson | |
| DEFENDANT(S): Wilson Utility Construction Company | |
| SHORT TITLE: ROBINSON VS. WILSON UTILITY CONSTRUCTION COMPANY | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2008-00076755-CU-CR-CTL |

Judge: Charles R. Hayes

Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration
- ☐ Other (specify): ____________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ____________________

____________________

____________________

Alternate: (mediation & arbitration only) ____________________

Date: ____________________

Date: ____________________

____________________
Name of Plaintiff

____________________
Name of Defendant

____________________
Signature

____________________
Signature

____________________
Name of Plaintiff's Attorney

____________________
Name of Defendant's Attorney

____________________
Signature

____________________
Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 01/29/2008

____________________
JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6022 | |
| PLAINTIFF(S) / PETITIONER(S): Deanno J Robinson | |
| DEFENDANT(S) / RESPONDENT(S): Wilson Utility Construction Company | |
| ROBINSON VS. WILSON UTILITY CONSTRUCTION COMPANY | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00076755-CU-CR-CTL |

Judge: Charles R. Hayes

Department: C-66

**COMPLAINT/PETITION FILED:** 01/28/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Michael A. DesJardins (SBN 145970)
Eric A. Panitz (SBN 243877)
DesJardins & Panitz LLP
18000 Studebaker Road, Suite 700
Cerritos, California 90703
T: (562) 467-6900
F: (562) 924-7801

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| DEANNO J. ROBINSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WILSON UTILITY CONSTRUCTION COMPANY, an Oregon corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 37-2008-00076755-CU-CR-CTL<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. HARASSMENT (GOV'T CODE §12940(j)(1));<br>2. DISCRIMINATION AND HARASSMENT (GOV'T CODE §12940(k));<br>3. WRONGFUL DISCHARGE (GOV'T CODE §12940(a));<br>4. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY; |

**GENERAL ALLEGATIONS**

1. Plaintiff, DEANNO J. ROBINSON, ("ROBINSON" or "Plaintiff"), is, and all times herein mentioned was, an individual residing in the County of Riverside, State of California.

FILE COPY

2. Plaintiff is informed and believes and thereon alleges defendant, WILSON UTILITY CONSTRUCTION COMPANY, ("WILSON"), is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Oregon, and is, and was at all times herein mentioned was, an employer in the State of California, doing business in the county of San Diego with at least fifty (50) employees. WILSON is subject to suit under the California Fair Employment and Housing Act ("FEHA"), Government Code Section 12900, *et seq.*

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences and damages herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by defendants' acts or omissions.

5. ROBINSON was employed as a groundsman at WILSON. WILSON had authority, discretion, and right of control over ROBINSON's performance and employment terms, duties, and tools and instruments of the job. ROBINSON is an African American male, and worked with Rick Rojas as his supervisor. ROBINSON is informed and believes and thereon alleges that he was perceived to be of homosexual orientation by Rojas and by other employees at WILSON. ROBINSON is not married. ROBINSON worked at WILSON from approximately October 2000 through December 13, 2007, when he was terminated.

6. During the period that he was employed at WILSON, ROBINSON'S supervisor and co-worker, Rick Rojas, and others exhibited inappropriate behavior towards ROBINSON on a near-daily basis. Specifically, while in the workplace, Rojas and other co-workers used various derogatory and demeaning racial terms and remarks in referring to ROBINSON and others such as "nigger," "fag," "gay," in a context that was demeaning to ROBINSON as an African American person of homosexual orientation.

7. The above statements were witnessed by several co-workers and by foremen on the job.

8. ROBINSON complained directly to Rojas and to his supervisors, but they did nothing to remedy the situation. In fact, after ROBINSON complained, ROBINSON was thereafter terminated on the grounds that there had been a reduction in force, but a less experienced, white, straight male was retained in a position that could have been filled by ROBINSON, who had more seniority and experience.

9. Plaintiff is informed and believes, and thereon alleges that WILSON, through its administrators and managers, failed to counsel and discipline Rojas and other employees working with ROBINSON, and knowingly allowed Rojas and other employees to continue to work with ROBINSON, all the while knowing that the employees working with ROBINSON were using racially offensive language and conduct and sexual orientation-based offensive language and conduct directed toward ROBINSON.

10. The above-described conduct by the defendants and each of them resulted in a workplace for ROBINSON which was unreasonably abusive, hostile, and offensive, and adversely affected his ability to do his job and caused his emotional distress.

11. As the result of defendants' and each of their actions and omissions, ROBINSON has suffered severe emotional distress and economic damages and non-economic in an amount to be proven at trial.

12. ROBINSON has filed a claim with the California Department of Fair Employment and Housing, which has issued a "Right To Sue" letter to ROBINSON, dated December 20, 2007. A true and correct copy of the "Right To Sue" letter is attached hereto as Exhibit "A" and incorporated herein.

**FIRST CAUSE OF ACTION**

(HARASSMENT (GOVERNMENT CODE §12940(j)(1))

(AGAINST ALL DEFENDANTS)

13. Plaintiff realleges and incorporates herein by this reference as though fully set forth herein the allegations of paragraphs 1 through 12.

14. Defendant, WILSON and/or defendant's agents, engaged in the above-referenced actions with the intent and effect of harassing ROBINSON on account of his race, sexual orientation, and/or perceived sexual orientation in violation of California Government Code

section 12940(j)(1). WILSON and/or defendant's agents and supervisors knew or should have known of these harassing actions because they were perpetrated by and in front of foremen, they were reported to a supervisor, they were brazen, they took place in the open and on a regular and consistent basis, with no attempt to hide them. Despite WILSON's knowledge of the above-mentioned harassment and the knowledge of its supervisors and agents, WILSON failed to take immediate and appropriate corrective action to stop the harassment. Furthermore, before the harassment occurred, WILSON failed to take all reasonable steps to prevent such harassment from occurring.

15. The above-referenced actions of the defendants and each of them were done with malice, fraud, or oppression and in reckless disregard of ROBINSON's rights under FEHA. Specifically, defendants' actions were done in a manner to deprive ROBINSON of his rights guaranteed by the United States and California Constitutions and other statutes. As a result, in addition to other damages, plaintiff is entitled to an award of exemplary or punitive damages.

16. As a direct and proximate result of the defendants' and each of their actions alleged herein, ROBINSON has suffered, and continues to suffer financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial.

17. As a further direct and proximate result of defendants' and each of their actions alleged herein, ROBINSON has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

**<u>SECOND CAUSE OF ACTION</u>**

(DISCRIMINATION AND HARASSMENT (GOVERNMENT CODE §12940(k))

(AGAINST WILSON AND DOES 1-50)

18. Plaintiff realleges and incorporates herein by this reference as though fully set forth herein the allegations of paragraphs 1 through 17.

19. WILSON and/or defendant's agents engaged in the above-referenced actions with the intent and effect of discriminating against and harassing ROBINSON on account of his race, sexual orientation, and/or perceived sexual orientation in violation of Government Code section 12940(k). WILSON and/or defendant's agents and supervisors knew or should have known of

these harassing actions because they were perpetrated by and in front of foreman, they were reported to a supervisor, they were brazen, took place in the open and on a regular and consistent basis, with no attempt to hide them. Despite WILSON's knowledge of the above-mentioned discrimination and harassment and the knowledge of its supervisors and agents, WILSON failed to take all reasonable steps necessary to prevent such discrimination and harassment from occurring.

20. The above-referenced actions of the defendants and each of them were done with malice, fraud or oppression and in reckless disregard of ROBINSON's rights under FEHA. Specifically, defendants' actions were done in a manner to deprive ROBINSON of his rights guaranteed by the United States and California Constitutions and other statutes. As a result, in addition to other damages, plaintiff is entitled to an award of exemplary or punitive damages.

21. As a direct and proximate result of the defendants' and each of their actions alleged herein, ROBINSON has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial.

22. As a further direct and proximate result of defendants' and each of their actions alleged herein, ROBINSON has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

**<u>THIRD CAUSE OF ACTION</u>**

(WRONGFUL DISCHARGE (GOVERNMENT CODE §12940(a))

(AGAINST WILSON AND DOES 1-50)

23. Plaintiff realleges and incorporates herein by this reference as though fully set forth herein the allegations of paragraphs 1 through 22.

24. Plaintiff is informed and believes and thereon alleges his termination was motivated by his race, color, ancestry, ethnicity, sexual orientation, and/or perceived sexual orientation in violation of Government Code section 12940(a). Plaintiff is further informed and believes and thereon alleges he suffered discriminatory compensation, terms, conditions, and/or privileges of employment on account of his race, color, ancestry, ethnicity and/or his sexual orientation in violation of Government Code section 12940(a).

25. The above-referenced actions of the defendants and each of them were done with malice, fraud or oppression and in reckless disregard of ROBINSON's rights under FEHA. Specifically, defendants' actions were done in a manner to deprive ROBINSON of his rights guaranteed by the United States and California Constitutions and other statutes. As a result, in addition to other damages, plaintiff is entitled to an award of exemplary or punitive damages.

26. As a direct and proximate result of the defendants' and each of their actions alleged herein, ROBINSON has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial.

27. As a further direct and proximate result of defendants' and each of their actions alleged herein, ROBINSON has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

**FOURTH CAUSE OF ACTION**

(WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY)

(AGAINST WILSON AND DOES 1-50)

28. Plaintiff realleges and incorporates herein by this reference as though fully set forth herein the allegations of paragraphs 1 through 27.

29. ROBINSON's termination from WILSON was a violation of substantial and fundamental public policy, including but not limited to the following:

A. California Constitution, Article I, Section 8, which reads as follows: "A person may not be disqualified from entering or pursuing a business, profession, vocation or employment because of sex, race, creed, color or national or ethnic origin;"

B. California's Fair Employment and Housing Act, Government Code Section 12940(a), which reads as follows: "It shall be unlawful...for an employer, because or the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, martial status, sex or sexual orientation of any person...to discharge the person from employment;" and

C. California's policy against discrimination in employment.

30. Plaintiff is informed and believes and thereon alleges his termination was

motivated by his sexual orientation, perceived sexual orientation, race, color, ancestry, and/or his ethnicity.

31. As a direct and proximate result of the defendants' and each of their actions alleged herein, including their termination of ROBINSON's employment, ROBINSON has suffered and continues to suffer extreme physical and emotional distress, financial hardship, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial.

32. As a further direct and proximate result of defendants' and each of their actions alleged herein, including their termination of ROBINSON's employment, ROBINSON's has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

33. In committing the acts described in this complaint, defendants and each of them were guilty of oppression, fraud, and/or malice, and each of their acts was done knowingly, willfully, and with malicious intent. As a result, in addition to other damages, plaintiff is entitled to an award of exemplary or punitive damages.

WHEREAS, Plaintiff prays for judgment on the above causes of action as follows:

AS TO THE FIRST, SECOND AND THIRD CAUSES OF ACTION:

1. For general and special damages in an amount to be proven at trial, but in no event less than $500,000.00 dollars;
2. For attorneys fees pursuant to statute in an amount to be prove at trial, but in no event less than $100,000.00 dollars;
3. As against all defendants, to the extent that they may be recovered, for punitive and exemplary damages;
4. For costs of suit;
5. For such other relief as the court deems appropriate.

AS TO THE FOURTH CAUSE OF ACTION:

1. For general and special damages in an amount to be proven at trial, but in no event less than $500,000.00 dollars;
2. For punitive and exemplary damages;
3. For costs of suit;

4. For such other relief as the court deems appropriate.

DESJARDINS & PANITZ, LLP

Dated: January 17, 2008

By: [signature]

Michael A. DesJardins
Attorneys for Plaintiff
DEANNO J. ROBINSON

# Exhibit "A"

ARNOLD SCHWARZENEGGER, Governor

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES A[illegible]Y

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2101 East 4th Street, Suite 255-B, Santa Ana, CA 92705
(714) 558-4266 TTY (800) 700-2320 Fax (714) 558-6461
www.dfeh.ca.gov

December 21, 2007

DEANNO ROBINSON
26279 Iris Ave., Unit B
Moreno Valley, CA 92555

RE: E200708K0860-00-rc
ROBINSON/WILSON CONSTRUCTION COMPANY

Dear DEANNO ROBINSON:

**NOTICE OF CASE CLOSURE**

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 20, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Sooky Avila

Sooky Avila
District Administrator

cc: Case File

Executive Officer
WILSON CONSTRUCTION COMPANY
7825 Engineer Road, Suite 203
San Diejo, CA 92111

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

DEANNO J. ROBINSON

Case No. 37-2008-00076755-CU-CR(?)

vs.

CERTIFICATE OF ASSIGNMENT

WILSON UTILITY CONSTRUCTION COMPANY

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Central District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [X] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other ______ | |
| [ ] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Wilson Utility Construction Company — 7825 Engineer Road, Suite 203
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) — ADDRESS

San Diego, — California — 92111
(CITY) — (STATE) — (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on January 15, 2008 at Cerritos, California

Signature of Attorney/Party

Michael A. DesJardins (SBN 145970)

FILE COPY

A-20

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
) ss:
COUNTY OF LOS ANGELES )

*DEANNO J. ROBINSON vs. WILSON UTILITY CONSTRUCTION CO.*
*37-2008-00076755-CU-CR-CTL*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

On **March 4, 2008**, I served on interested parties in said action the within:

- ☐ *Notice of Removal of Civil Action Under 28 U.S.C. Sections 1332(a) and 1441(b)*
- ☐ *Notice of Interested Parties*
- ☐ *Civil Cover Sheet*
- ☑ *Declaration of Kenneth G. Anderson In Support Of Notice of Removal of Civil Action Under 28 U.S.C. Sections 1332(a) and 1441(b)*
- ☐ *Declaration of Debbie Greene In Support Of Notice of Removal of Civil Action Under 28 U.S.C. Sections 1332(a) and 1441(b)*

by placing a true copy thereof in a sealed envelope addressed as stated below.

Michael A. DesJardins, Esq.
DesJardins & Panitz, LLP
18000 Studebaker Road, Suite 700
Cerritos, CA 90703

Tel: (562) 467-6900
Fax: (562) 924-7801

Representing Plaintiff, Deanno J. Robinson

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on **March 4, 2008**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Rob Briner
(Type or print name)

[signature]
(Signature)